IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GAVIN D. LARREMORE,

    Plaintiff,                                    CASE NO. 4:22-cv-_____-_____

vs.

CITY OF TALLAHASSEE, TALLAHASSEE
POLICE DEPARTMENT, and its agents,
LAWRENCE E. REVELL, in his official
capacity as Police Chief of Tallahassee Police
Department, and individually, and, TONJA
BRYANT-SMITH, in her official capacity as
Deputy Chief at City of Tallahassee Police
Department, and individually,

    Defendants.

_____

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

PLAINTIFF, GAVIN D. LARREMORE (hereinafter "LARREMORE," or "PLAINTIFF"), files his Verified Complaint and Demand for Jury Trial against Defendants, CITY OF TALLAHASSEE, FLORIDA, TALLAHASSEE POLICE DEPARTMENT (hereinafter "CITY TPD" or "EMPLOYER"), and its Agents, LAWRENCE E. REVELL, in his official capacity as Police Chief of the City of Tallahassee Police Department and individually (hereinafter "CHIEF REVELL"), and TONJA BRYANT-SMITH, in her official capacity as Deputy Chief at City of Tallahassee Police Department and individually (hereinafter "DEPUTY CHIEF BRYANT-SMITH"), and states:

## JURISDICTION AND VENUE

1. This is an action for monetary damages and injunctive relief brought under 42 U.S.C. §§ 1983 and 1988 and related authorities arising out of the job demotion and suspension of 80 hours of the Plaintiff by the Defendants in response to and punishment for the exercise of his constitutional right to Freedom of Speech guaranteed to him as a citizen by the United States Constitution, and by the First and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction is based on Title 28 U.S.C. §§ 1331 and 1343(3).

3. Venue is proper in this Court because all acts complained of occurred within the Tallahassee Division of the Northern District of Florida.

4. All conditions precedent to the filing of this action have occurred, been performed or have been waived.

## PARTIES

5. The Plaintiff is Gavin D. Larremore, a citizen of the United States of America, residing in Tallahassee, Leon County, Florida.

6. The Defendants are the City of Tallahassee, Florida, Tallahassee Police Department and, its agents, Police Chief Lawrence E. Revell and Deputy Police Chief Tonja Bryant-Smith.

7. The Defendant Chief Revell, an agent of Defendant City of Tallahassee, Florida, Tallahassee Police Department, is an adult resident of Tallahassee, and has served throughout 2020 as the Tallahassee Police Department Chief of Police. CHIEF REVELL

2

personally ratified and approved all of the conduct described below. CHIEF REVELL is sued herein in both his official capacity as the TPD Chief of Police and in his individual capacity.

8.  The Defendant Deputy Police Chief Bryant-Smith, an agent of Defendant City of Tallahassee, Florida, Tallahassee Police Department, is an adult resident of Tallahassee, and has served throughout 2020 as a Tallahassee Police Department Deputy Chief of Police. DEPUTY CHIEF BRYANT-SMITH is sued herein in both her official capacity as a TPD Deputy Chief of Police and in her individual capacity.

## FACTUAL ALLEGATIONS

9.  LARREMORE has served as a law enforcement officer for the last twenty-six (26) years and has been employed by the Tallahassee Police Department since November 2002. Prior to serving in Tallahassee, LARREMORE served eight (8) years in the Dayton Police Department in Dayton, Ohio. Before becoming a law enforcement officer, he joined the Marine Corps at 17-years old and was later deployed in the Persian Gulf War. He received an honorable discharge from the military in 1991. In each of these posts, LARREMORE has received numerous awards, commendations, and certificates of meritorious service. In fact, his service record is exemplary without any discipline or reprimands over the course of his entire career.

10. During his tenure as Sergeant with the Tallahassee Police Department, LARREMORE has served in a variety of leadership roles, effectively leading numerous units within the department and successfully executing many high-risk operations.

LARREMORE was the Incident Commander overseeing the 2018 active shooter at the hot yoga studio, creating and delivering presentations across the region of the Regional Domestic Security Task Force. For five years, he was the supervisor of the Career Criminal Unit where he coordinated efforts with other departments, federal agencies, military units, and participated in several large-scale disaster readiness operations. He has been assigned as the U.S. Marshals Fugitive Task Force liaison. He also has significant experience interacting and problem-solving with community members. Prior to his demotion, he was the Field Training Officer Supervisor, Northwest, Day Shift Rotation One where he took pride in supervising, monitoring, and assisting a patrol squad staffed with Field Training Officers.

11.  LARREMORE has always strived to learn and continually develop new skills and proficiencies in order to better develop trainees and recruits into superior officers. To this end, he is certified as an instructor for ROCO Rescue Combat Technical Rescue, CMS General, Firearms, Sage Less Lethal Systems, CTS Flash Bang, Precision Rifle (Sniper), and Rappel Master. He is also an avid, martial artist.

12.  LARREMORE has not only invested his time and energy in projects that advance his mission to improve law enforcement, but also in adhering to a strong belief in the importance of building a better community, he has donated countless hours to volunteering and community service. For at least the past, ten years, he has participated and acted as team leader for Operation One Voice, which raises money for wounded Special Forces soldiers and their families. He served as Project Leader and Founder of the North

4

Florida Chapter of Operation One Voice. He was also an original member of Orphan Logistics and Relief, a program that travels to orphanages in impoverished areas of the world to help improve the living conditions for children. In fact, he is proudest of the contributions he and his family make to helping the most vulnerable, both at home and abroad.

13. DEPUTY CHIEF BRYANT-SMITH is the Deputy Chief of Internal/External Affairs ("IA") of Defendant CITY TPD and, as such she caused CITY TPD to launch an investigation regarding Tallahassee Chapter President of the National Association for the Advancement of Colored People ("NAACP") Adner Marcelin's ("Marcelin") allegation that LARREMORE had violated an employment duty, resulting in the "Internal Investigation 20-20" report.

14. The basis for that investigation instituted by DEPUTY CHIEF BRYANT-SMITH on July 9, 2020, were allegations that LARREMORE had "posted" the following comments and pictures ("the Facebook Post") on his personal Facebook account:

> Welcome to Tallahassee. The city telling the news stations how broke it is. The city that won't be hiring any new employees or giving raises to current employees because the Coronavirus has cost it millions of dollars. The city that just used $25,000 of taxpayer money to endorse a mob of thugs. Whatever BLM used to be, it has lost all legitimacy. By painting a huge BLM "mural" in a major intersection and calling it "art", the city declared its support for an organization that spent the last month disrupting the lives of hard working Tallahassee citizens. That gang of loudmouths damaged businesses downtown, unlawfully restricted the free movement of the city's law abiding citizens, attacked civilians and officers (including me personally)...all while chanting "F*** THE POLICE and promising to find out where we live so they could harm our families. This is the same gang of anti-anyone-not- black racists who encourage murdering police officers nationwide. Their "narrative" is false. Based on lies. The use of tax dollars to create a monument to these criminals is an affront to every law enforcement officer and law abiding citizen in Tallahassee. It's insulting. It's

> cowardly. It's unacceptable. It's time to start standing up and putting a stop to this insanity while our children still have a country to call home. I'm including pictures and links to prove what I'm saying is factual.

(That statement, and the remaining words attributed to LARREMORE were included in the "Internal Investgation 20-20 report.")

15. Following the initiation of the investigation, Internal Affairs Commander Sergeant Jim Couch ("IA Couch"), notified LARREMORE that Major Michael Suleski ("Major Suleski"), filed a complaint alleging that LARREMORE violated General Order 78- Social Media Protocols regarding The Facebook Post on LARREMORE's personal Facebook account.

16. LARREMORE did in fact make and publish The Facebook Post through his own internet personal Facebook account, under the name of Gavin DL, from his own computer and on his own personal time, apart from and outside of any official shift or period of duty as a police officer.

17. As the Defendants knew and as demonstrated from the content of LARREMORE's statement as quoted above, the content of The Facebook Post was on the "Friends Only" setting when it was posted. The Facebook Post was as a citizen of the Tallahassee community and about a public and political issue of the general community concern, as it was about Tallahassee's expenditure of taxpayer funds to support a political organization on public property.

18. As the Defendants also knew, the content of The Facebook Post was not about any personnel decision, policy, or action that had been made specifically as to or

6

concerning LARREMORE. Indeed, the subject matter of the statement was not about any general or ongoing CITY TPD policy at all. Its communication by LARREMORE did not affect or concern the performance of any police officer when performing his or her duties in CITY TPD, except for the result of the Defendants' own conduct in demoting LARREMORE because of The Facebook Post.

19. The Facebook Post was not made during or in the course of LARREMORE's performance of his duties as a police officer, and he was not obligated by his police responsibilities to make any statement as to any such subject matter.

20. LARREMORE had a constitutional right, pursuant to the Free Speech Clause of the First Amendment to the United States Constitution, to make and publish, as a citizen of the Tallahassee community, in the manner and for the purpose as described inThe Facebook Post.

21. Investigator Mark Adrick ("IA Adrick") concluded and made the following recommendations in the Internal Investgation 20-20 report that LARREMORE violated General Order 46 - Rules of Conduct, as it relates to "Procedure III. Acts of Misconduct, Section B. Unbecoming Conduct" and General Order 78 - Social Media Protocols, as it is relates to "Procedure III. Prohibited Conduct, Section D, Subsections 1 & 3." However, IA Adrick also concluded that LARREMORE did not violate General Order 26 - Rules of Conduct, as it relates to "Procedure III. Acts of Misconduct, Section E. Discriminatory Conduct."

22. LARREMORE was subjected to disciplinary action because of making The Facebook Post. That disciplinary action took the form of suspension and demotion from his position as Sergeant by CHIEF REVELL, as also evidenced in Exhibit C.

23. LARREMORE submitted the "MEMORANDUM AND RESPONSE IN OPPOSITION TO INTERNAL INVESTIGATION 20-02 FINDINGS AND DISCIPLINARY ACTION" ("Memorandum in Opposition to 20-02") to CHIEF REVELL, City Manager Reese Gould ("City Manager Gould"), and Mayor John Dailey ("Mayor Dailey") on August 21, 2020, following CHIEF REVELL's August 4, 2020, sanctioning of LARREMORE for The Facebook Post.

24. LARREMORE's demotion and suspension was then appealed through the union grievance process.

## DAMAGES TO LARREMORE

25. In proximately causing that deprivation through their conduct as set forth above, each of the Defendants, CITY TPD, CHIEF REVELL, and DEPUTY CHIEF BRYANT-SMITH, proximately and directly caused the resulting damages to LARREMORE as set forth below.

26. The Defendants' conduct and resulting constitutional deprivation has damaged LARRAMORE's personal and professional reputation, resulting in LARREMORE's loss of economic damages, lost potential wages, back pay, front pay, potential benefits, emotional pain and suffering, humiliation and the loss of enjoyment of life.

8

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff GAVIN D. LARREMORE, respectfully demands judgment against the Defendants, CITY OF TALLAHASSEE, FLORIDA, TALLAHASSEE POLICE DEPARTMENT, and its Agents, LAWRENCE E. REVELL, in his official capacity as Police Chief of the City of Tallahassee Police Department and individually, and TONJA BRYANT-SMITH, in her official capacity as Deputy Police Chief of the City of Tallahassee Police Department and individually, and prays this Court:

A. Grant LARREMORE judgment for economic damages, lost potential wages, back pay, front pay, potential benefits, emotional pain and suffering, humiliation and the loss of enjoyment of life;

B. Order Defendants CITY TPD, CHIEF REVELL, and DEPUTY-CHIEF BRYANT-SMITH to pay LARREMORE back pay and other compensation to date, including the value of any lost fringe benefits;

C. Award LARREMORE general, compensatory and actual damages;

D. Grant LARREMORE reasonable attorney fees and other costs of this action;

E. Award LARREMORE such other and further relief as this Court deems just and equitable.

Plaintiff, GAVIN D. LARREMORE, respectfully requests a trial by jury in this matter.

## VERIFICATION

I affirm, under the penalty of perjury, that the foregoing document is true and correct to the best of my personal knowledge, information and belief.

_____
GAVIN D. LARREMORE


Respectfully submitted,

_____
GARY LEE PRINTY
FL BAR ID NO. 363014
GARY LEE PRINTY ATTORNEY AT LAW
1804 Miccosukee Commons Drive, Suite 200
Tallahassee, Florida 32308-5471
Telephone (850) 877-7299
FAX (850) 877-2211
Email: attygaryprinty@gmail.com

Attorney for Plaintiff,
GAVIN D. LARREMORE